JAMES N. KENYON v. JOSHUA CLARKE.

Courts of Equity will grant an injunction to prevent the sale of property illegally taken in execution.

Whether or not the members of a School District under the School acts prior to 1851 were individually liable for the debts of the district—*quaere*.

But if the members are liable, the execution must be levied upon the goods and chattels or body of the member, if they can be found, before it is legal to resort to his real estate.

Where judgment is rendered against a School District and there are no corporate funds, the appropriate remedy, where there is no special statute provision on the subject is in equity.

Bill in Equity. It appeared by the bill and answer that the Eighth School District in Charlestown, being a regularly organized district, contracted, by a committee appointed for that purpose, with Clarke the respondent, to build a school house, and that the house was built in pursuance of the contract; but said Eighth District refused and neglected to pay the sum agreed for the building. Clarke brought his action against the corporation for the recovery of the amount due him and recovered a judgment by default, at the May Term, A. D. 1847, of

the Court of Common Pleas, for the sum of $115 98. Upon this judgment he sued out his execution and levied it upon the school house and lot, which were regularly advertised and sold by the sheriff, and the proceeds applied to the payment of the execution, and the execution was, thereupon, returned, satisfied in part and unsatisfied for the residue. He then sued out an alias execution and proceeded to levy the same on the real estate of the complainant. The material part of the officer's return is as follows : " For want of the goods and chattels of the Eighth School District in the town of Charlestown in this State, sufficient to satisfy the within execution, to be by me found in my precincts, I have this day at 4 o'clock P. M., served and levied the same by attaching all the right, title and interest, that James N. Kenyon, of Charlestown aforesaid, one of the inhabitants, members, and persons within said Eighth School District, hath in and to one certain lot of land, situated and lying in said Eighth School District &c." The return did not state whether or not the goods and chattels of Kenyon or his body was to be found in the precincts of the officer. The officer making the levy proceeded to advertise the estste for sale, and the sale was adjourned from time to time until the filing of this bill. It appeared also, that during all the time both Clarke and Kenyon were residents of said District and members of that corporation. The prayer of the bill was that the respondent may be enjoined from proceeding further upon said levy and sale of the complainant's estate and that all the proceedings upon the execution, in so far as they effected the rights of the complainant, might be decreed to be void, and for general relief.

*Sheffield* for the plaintiff, contended, that the mem-

bers of territorial *quasi* corporations are not individually liable for the debts of the corporation. · The rule of the Common Law, making members of parishes and counties liable for the corporate debts, where there was no corporate property, originated in their ecclesiastical policy or in local causes, and for similar reasons became the law of Massachusetts and Connecticut, but was never adopted in Rhode Island. In 1666, an act was passed prescribing the mode of collecting debts against towns. Parishes never existed and the rule could not have been applied to School Districts previous to 1838. And if such liability exists, how is it to be enforced. In Massachusetts the execution may be levied upon the person or estate of the members, (5 Dane p. 158, 19 Pick 564 and cases there cited), and this may be done even if the district has property. But their Courts have a limited equity jurisdiction, and if this were not the law there would be no remedy. But where the Court has full chancery powers the appropriate and only complete remedy is in equity. The defendant and every other member of the district is equally liable with the plaintiff, and, if the execution is levied upon the plaintiff, he has his action for money laid out and expended for the town and may levy his execution upon the defendant, and the defendant may levy his execution again upon the plaintiff and so on *ad infinitum.* But if this course could be taken, yet the levy in this case was irregular, because made upon the real estate, though the goods and chattels and the body of the plaintiff were in the precincts of the sheriff, (Dig. of 1844 p. 115, §11), and, if this is so, plaintiff is entitled to relief by injunction, (2 Story Eq. Jur. §955, a.) *Trewin* v. *Lewis*, (4 Milne & Craig 254),

*Updike* for the defendant contended, that the English decisions did not grow out of. local causes or a desire to support an established religion, but from the reason of the thing, because these corporations often have no corporate funds. The rule is treated by the authorities as a matter of common law, of universal application, depending not on common law, but on principles of common justice. *Attorney General* v. *Exeter*, (2 Russell 63), *Russell* ʌ. *The Men of Devon*, (2 Tenn. 667, 673), *Adams* v. *Wiscassett Bank*, (1 Green 361), *McLoud* v. *Selby*, (10 Conn. 390, 2 Kent 274, 5 Dane 158, 6 Met. 546). And even if the remedy, prescribed by statute for collecting debts against towns, is exclusive and not cumulative, yet school districts, when created, were subject to the common law rule. And, if this is the law, the execution was properly levied upon the real estate of the plaintiff, because it runs not against the body and goods of the plaintiff, but against the corporation, and there being no corporate funds, the property of any member of the district was liable.

BRAYTON J., delivered the opinion of the Court. The plaintiff claims relief in this case on the ground that the proceeding in the levy upon his estate and all proceedings to sell are void in law, and that the only effect of the proceeding is to cast doubt upon his, the complainant's title, whereby he may be hindered and delayed in the sale of his land, if he desire to sell, subjecting him to suits for the vindication of his rights and to expenses of prosecution in defending them.

On the first hearing of this cause, a doubt was suggested whether the plaintiff had not a perfect remedy at law. But upon the examination of the authorities, cited

by the complainant's counsel, we can have no doubt that if these proceedings are void at law, they furnished a case calling for the interposition of a Court of Equity. The case of *Couch et als.* v. *The Ulster & Orange Co. Turnpike*, (4 Johns Ch. 26), is in point. This was a case of levy on real estate of complainant for collecting a tax assessed upon it. The complainant claims that the assessment was illegally made and void. The chancellor stayed the sale until the respondent should satisfy him that the assessment was legally made, and recognized the doctrine, that where a doubt is cast upon the title by acts clearly illegal, a Court of Equity are bound to interfere.

The case of *Mitchell* v. *Dores*, (6 Vesey, 147), recognizes the same principle.

Was the levy of the execution on the plaintiff's real estate void? If it was, the only effect must be to bring the plaintiff's title into doubt and diminish the value of the estate to him, preventing that full dominion and power of disposal, which every man is entitled fully to enjoy.

The complainant's counsel claimed that the levy was void.

The respondent claimed that the proceedings upon the execution were regular and legal, that, the school district being a municipal corporation, and their property having been exhausted by the levy under the first execution, he had a right to levy the residue of the debt upon the individual property of the individual corporators.

The counsel for the complainant claimed that however this might be at common law, such a rule had never been adopted as the law of Rhode Island. But, if such were the law, still that the respondent has not

complied with the provisions of the statute, giving power to attach real estate, the officer not having returned, that neither the personal estate of Kenyon nor his body was to be found, and that, in as much as Clarke, the plaintiff in the execution, and Kenyon were members of the same district, neither could at law proceed against the other.

The question, whether the members of municipal corporations are or are not individually liable for the debts of the corporation and whether the execution, issued against the corporation, can be legally levied on the individual's estate, is now, for the first time, raised in this State. The only municipal corporations, existing prior to the enactment of the School Act in 184 , were towns. The mode of collecting debts against them was early provided for by the statute, and the same provision is now made for the collection of debts against school districts. As it is not likely that this question can ever arise again and is not necessary to the determination of this cause, we give no opinion upon it.

But assuming that the law upon this point is with the respondent, has he complied with the conditions, upon which only real estate can be permitted to be attached. The statute is that " in all cases when execution shall be issued upon any judgment, where real estate was not attached on the original writ, *if no personal estate can be found nor the debtor's body*, the party obtaining judgment may cause execution to be levied on real estate."

This, in terms, applies to all cases and there is no reason why there should be any exception. It has always been the policy of our law (whether wisely or not we need not say) to exempt real estate from attachment, so long as either the personal estate of the debtor or his

Kenyon v. Clarke.

body was within reach of process. This policy the legislature has not hitherto thought it expedient to abandon.

But the respondent's counsel insists, that this could not fall within the provisions of the act, because this execution is for the debt of the corporation, and the execution is against the corporation, whose property is exhausted and whose body cannot be taken, and that the respondent's right was to levy his execution upon whatsoever property there might be in the district, belonging to any of the corporators, and for that purpose to be treated as the property of the district, though actually belonging to individual corporators.

If the law, in relation to the liability of members of such corporations, really proceeded upon such principle, there would be some ground to claim that this case does not fall within the statute.

The only cases bearing upon this point, to which we have been referred, are those cited to sustain the point of the liability of the corporators individually. And these seem to proceed upon a different principle, and it is this, that, though the action is nominally against the corporation as such, yet from the issuing of the execution all the members of the corporation are to be treated as jointly owing the debt, and, therefore, it may be levied upon any one of them as in the case of any other joint debts.

The impossibility of naming all the inhabitants of a large district, would render it necessary to make the corporation the defendant nominally, though the corporators are the real debtors.

Now, if they are to be treated as debtors and held liable in person or estate, because they are debtors, we

do not feel at liberty to say that the estate can be attached in any other mode or under any other circumstances than is provided in the case of all other debtors.

There is one other point made in the case, which would more loudly call for the interference of the Court, viz : that both these parties, from the commencement of these proceedings against the corporation down to this time, were inhabitants of the same district and members of the corporation. If either be liable, therefore, in his estate for this debt, the other is equally so. Suppose the debt levied upon this complainant. He will then have paid the debt of the corporation and will have entitled himself to an action for money paid to their use, and, upon obtaining judgment may in his turn, levy his execution upon the plaintiff, in this execution, and, if this could be permitted by the law, the debt may be tossed from hand to hand for an indefinite period, without ever being finally satisfied.

Or, if he has no remedy by suit against the corporation to be reimbursed, then he must have his separate action against every other corporator for his proper proportion, the sum paid leading to innumerable suits not to be tolerated.

But from the time when this respondent ceased to proceed against the corporation and proceeded to levy the debt on the individual corporators, he commenced proceeding for the collection of a joint debt against those indebted jointly with himself. From this time, at least, he stands in the execution both as plaintiff and defendant. Now, at law, no one can stand so related. The respondent could not have maintained an action, originally standing so related, and there can be no reason why, after a judgment, he should be permitted to assume

any such position, merely because the form of the original suit did not render it necessary to make it apparent.

It is evident that if this debt can be levied in this way by a corporator, he will receive to a certain extent money to which he is not equitably entitled, and which he in good conscience ought to refund, and, as to the residue, will have put him of whom he levies it in the same situation as he was himself before the levy.

The full remedy after all must be in equity, and from necessity cannot be given at law.

*Injunction granted.*